IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALBERICI CONSTRUCTORS, INC. d/b/a ) | |
| HILLSDALE FABRICATORS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:06-CV-0158 |
| ) | |
| OHIO FARMERS INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER CERTIFYING A QUESTION
## OF INDIANA LAW

Before the court are cross-motions for summary judgment filed by the respective parties to this action. The issue presented in those motions is a purely legal question of whether a performance bond issued by defendant Ohio Farmers Insurance Company ("Farmers"), the language of which mirrors Indiana statutory language, requires payment to the plaintiff, Alberici Constructors, Inc. d/b/a Hillsdale Fabricators ("Hillsdale"). The case is before this court by way of diversity jurisdiction and the amount of controversy is in excess of $200,000 exclusive of interest. The parties have stipulated the relevant facts of the case as follows:

On May 25, 2004, Indiana Department of Transportation ("INDOT") awarded Primco, Inc. ("Primco") a construction contract for the reconstruction of an existing bridge and the erection of a pedestrian bridge in Bluffton, Wells County, Indiana, referenced as Contract No. B-25747-A (the "Project"). Pursuant to I.C. 8-23-9-9, and the INDOT contract requirements, on May 25, 2004 Primco secured a performance bond ("the Bond") with Farmers, as surety. The provisions of the

Bond are in accordance with the requirements of I.C. 8-23-9-9, and the parties agree that the Bond does not extend protection to any party not otherwise encompassed by the statutory provision.

On June 18, 2004, Primco issued Purchase Order No. 2934 to Harmon Steel, Inc. ("Harmon") for the provision of a "steel truss pre-fabricated bridge" to be used in connection with the Project. Harmon, in turn, issued Purchase Order No. 4875 to Gateway Bridge, LLC ("Gateway"), dated June 18, 2004, for the "pre-engineered, pre-fabricated steel truss pedestrian bridge, shipped in two pieces" to be used in connection with the Project.

On February 21, 2005, Gateway issued Purchase Order No. 8077304 to Hillsdale Fabricators, pursuant to which Hillsdale was obligated to "fabricate pedestrian bridge for Bluffton (Indiana)." Hillsdale Fabricators ("Hillsdale") is a d/b/a of Alberici Constructors, Inc. Primco is not in privity of contract with either Gateway or Hillsdale with respect to the Project. Hillsdale is owed in excess of $200,000 from Gateway for the bridge it fabricated.

On October 31, 2005, Hillsdale filed its claim for payment under the Bond. On November 10, 2005, Farmers requested additional information regarding the claim. Thereafter, in a letter dated January 13, 2006, Farmers denied the claim. In relevant part, the letter stated:

> Primco's position relative to your claim is that since Hillsdale Fabricators is a third tier material supplier supplying to a second tier material supplier, Hillsdale is too removed to have standing to bring claim. According to the language of the referenced bond and Indiana §8-23-9-12 only debts incurred by the principal or a subcontractor are covered under the referenced bond.

The sole question that is dispositive of this case as to any liability of Farmers is whether Hillsdale, as an entity not in direct privity with the principal contractor, falls within the protections

afforded by Indiana statute and the surety bond.[1]  The relevant statutory provision, I.C. §8-23-9-9 provides, "...the performance bond must be in a penal sum set by the commissioner, ... and conditioned also upon the payment by the contractor and by all subcontractors for all labor performed or materials furnished or other services rendered in the construction..." The language of the bond similarly requires payment to all subcontractors:

> ...if the Indiana Department of Transportation shall award the principal the contract for work and the principal shall promptly enter into a contract with the department in the name of the state of Indiana for the work and shall well and faithfully do and perform the same in all respects according to the plans and specifications adopted by the department, and according to the time, terms, and conditions specified in th contract to be entered into, ***and in accordance with all requirements of law, and shall promptly pay all debts incurred by the principal or any subcontractor in the construction of the work, including labor, service, and materials furnished***, then this obligation shall be void; otherwise to remain in full force, virtue, and effect. (Emphasis added).

Farmers asserts that the above reference to "subcontractor" means only subcontractors directly contracting with the principal contractor and that the phrase "debts incurred by the principal or any subcontractor" excludes any person more remote than a second-tier subcontractor. Hillsdale, of course, contends that "any subcontractor" includes subcontractors of subcontractors. The parties are in agreement that no Indiana court has expressly answered the legal question presented in this case.

On October 24, 2006, after reviewing the filings of the parties related to the cross motions for summary judgment, the undersigned held a telephonic conference wherein the undersigned

---

[1] The parties agree that Hillsdale has no recourse under any Mechanics Lien statute in Indiana because that statute does not apply to public works projects such as this one.  Further, Indiana case law has clearly stated that the intention of the Indiana legislature in requiring alternative security in the form of surety bonds is to protect subcontractors and suppliers who perform labor or provide material or service on a public works project. *Electrical Specialties, Inc. V. Siemens Building Technologies, Inc.*, 837 N.E.2d 1052, 1055 (Ind.Ct.App. 2005).

discussed certifying the question presented in this case to the Indiana Supreme Court for resolution. In response to this suggestion, both the parties to this case agreed that certification was worthwhile in this cause. In fact as the parties and the undersigned recognize, utilizing the certification procedure in this case would, no doubt, be both useful and ideal to achieve finality for the parties, avoid a subsequent appeal to the Seventh Circuit, and avert the possibility that this court will wrongly predict the will of the Indiana Supreme Court. Indeed, "[c]ertification is an alternative to prognostication." *Todd v. Societe BIC, S.A.*, 9 F.3d 1216, 1222 (7th Cir. 1993). Certification in this case also comports with the public good in that receiving definitive answers on these issues, likely to recur with some frequency in insurance cases, would prevent future litigation on these same matters and provide great precedential value to Indiana litigants. *See Diginet, Inc. v. Western Union ATS, Inc.*, 958 F.2d 1388, 1395 (7th Cir. 1992) (holding that "fact-laden and particularistic" questions are unsuitable for certification since they are unlikey to recur and "lack broad, general significance"). Further, given that the factual background is stipulated and the outcome of the legal question presented is determinative of the case as to any liability of Farmers,[2] the court concludes that the issue presented should be certified to the Indiana Supreme Court for resolution. Accordingly, the Court, after consultation with counsel as to its proper formulation, hereby CERTIFIES the following question:

> Does a performance bond required by and issued in accordance with IC 8-23-9-9 afford coverage to a third-tier claimant?

---

[2] The parties have not stipulated to any matter relating to the amount of Hillsdale's alleged claim or affirmative defenses (including the right of set-off, accord and satisfaction and the like).

## **CONCLUSION**

Based on the foregoing, this Court hereby CERTIFIES the question set out above to the Indiana Supreme Court as the question presents an unsettled issue of Indiana law, the resolution of which is determinative of the case. Accordingly, the Court DIRECTS the CLERK to transmit the following to the Clerk of the Indiana Supreme Court as set out in Ind.R.App. P. 64(B): (1) a copy of this Order; (2) a copy of the case docket, including the names of the parties and their counsel; and (3) the following supporting materials: (a) the Complaint (docket #1); (b) Joint Stipulation of Facts (docket #21); (c) Cross-Motions for Summary Judgment (docket #s 22 and 24) and briefs in support (docket #s 23 and 25); and (d) responses to the cross-motions (docket #s 27 and 28).

It is FURTHER ORDERED that the Clerk mark this action closed for statistical purposes and, it is FURTHER ORDERED that the Court shall retain jurisdiction and that this case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.


DATE: NOVEMBER 13, 2006                         s/William C. Lee
                                                WILLIAM C. LEE, JUDGE
                                                UNITED STATES DISTRICT COURT